[Civ. No. 6737. First Appellate District, Division One.—September 25, 1929.]

BENJAMIN BEHLER, Respondent, v. ARTHUR KUNDE, Appellant.

W. F. Cowan and R. M. Quackenbush for Appellant.

Wallace L. Ware and George W. Murphy for Respondent.

PARKER, J., *pro tem.*—Plaintiff commenced an action to secure a decree compelling the specific performance of a contract of partition entered into between plaintiff and defendant Arthur Kunde. The remaining defendants are fictitious persons and upon the opening of the trial the action was dismissed as to these.

The parties hereto, plaintiff and defendant, on July 31, 1923, purchased certain parcels of land and held and farmed the same as tenants in common until on or about May 19, 1925. On this last date they agreed to partition the property so held by them and in pursuance of this agreement a written document evidencing the understanding of the par-

ties was prepared and executed. The written agreement sets forth the joint ownership of the real property therein described, and recites the fact that it is the desire of the parties to divide the same. It further provides that a division of the lands, together with the erections and buildings thereon, and also the livestock and other effects upon said premises, shall be made. By its terms plaintiff agreed to execute a good and sufficient deed to the defendant, conveying unto him certain of the real property described. The remaining part of the lands jointly owned was to become and be the sole and exclusive property of plaintiff, defendant agreeing to execute and deliver to plaintiff a good and sufficient deed conveying all of his right, title and interest in and to the lands agreed, as being the part that plaintiff was to have. The land was to be surveyed within thirty days, so that a certain division line mentioned in the agreement might accurately be determined, the expense of said survey to be equally borne by the parties. The agreement further provided that the waters of a certain spring, known as and described as "Winegartner Spring," shall be thereafter owned by the parties, one-half each, and it was agreed that no more taps were to be put on the pipe leading from said spring by either party without having obtained the consent of the other party so to do. It was further agreed that the defendant should have all the water rights which the parties may have in and to the water flowing from a certain place described in the agreement as Brockman Canyon. The defendant was to pay the plaintiff $1,000 as a further consideration for the division of the lands. The agreement also provided for the manner of division of the personal property. This property has been divided and the agreement respecting it fully executed and consummated. Likewise, the agreement provided for an accounting of past operations and this, too, has been consummated, or at least is not involved herein. Defendant, though requested so to do, has failed and refused to execute the deed to plaintiff, though plaintiff has tendered to defendant his deed as in the agreement provided, hence this action.

The decree in the court below was in favor of plaintiff, and ordered defendant to execute and deliver to plaintiff the deed demanded, and to pay to plaintiff the $1,000 as agreed.

The appealing defendant urges many reasons why the judgment of the lower court must be reversed, and we will take them up in the order presented.

Appellant contends first that the consideration for the agreement on the part of defendant is not adequate, fair or just, and bases this contention upon the disparity in value between the tract that plaintiff was to receive and the tract that was to go to the defendant. We have examined the record and the evidence adduced on this issue, and find therein a substantial conflict. Ordinarily this would end our inquiry, but in order to meet the contention of appellant that the conflict is not a real conflict, we will discuss the testimony. The only direct testimony as to values offered by plaintiff was that of himself. Against this was the testimony of two or three witnesses. Appellant urges that the testimony of plaintiff is practically valueless in so far as it relates to the question of the value of defendant's land, because of his interest and manifest biased opinion. This question was for the trial court. If the learned judge of the court below believed the testimony of plaintiff and felt that he was perhaps more qualified to express his opinion than any of the other witnesses called, on this phase of the case an appellate court will not intervene and arbitrarily hold that the trial judge erred in so doing. However, the testimony offered by defendant himself was not too conclusive. For instance, one of defendant's witnesses placed the value of the land that defendant was to receive at $20,000, and the value of the land that plaintiff was to receive at $25,000, and added "and that is raising it high." This same witness then continued to state that in his judgment the defendant has the more marketable land and that the land of defendant would sell for more money than the land of plaintiff. In addition, it appears that the land allotted to defendant is land that adjoins and squares up his other holdings in the immediate vicinity and that his own declarations on the subject of values made at the time indicate his opinion of the fairness of the division.

Nowhere in the authorities on the subject of specific performance is it held that the consideration must be measured by exact equality in dollars and cents. In 23 Cal. Jur., at page 442, the general doctrine is announced as follows: "An adequate consideration does not necessarily mean a

price measuring fully to the value of the property. Thus it is not necessary that the value of real property, as found by the court to exist at the time of the contract to convey, shall exactly, or even substantially, equal the price fixed by the contract, for such value can rarely, if ever, be determined with precision.'' The cases cited support the text. We conclude that there is no merit in this contention.

■ Appellant next contends that the findings on material issues are hopelessly in conflict. There seems to be some ground for this contention, but the conflict in the findings, as pointed out by appellant, may be easily reconciled by taking the view of the respondent in support of the judgment. The findings refer to the pleadings by paragraph, and the trial court, instead of finding the existence or nonexistence of certain issues tendered by defendant's answer, made findings as to the truth or falsity of the paragraph in the answer. In his answer defendant first specifically denied the allegations of the complaint and then set up several separate defenses. Defendant construes his answer as being a denial, and then a first, second and third defense. The trial court construed the answer as an entire pleading, and called the specific denials a first defense and from there on numbered each defense consecutively. Therefore, where the findings refer to a paragraph in defendant's first defense, the appellant contends that it is a finding on his first separate defense, and where the court finds concerning a paragraph of defendant's second defense, the defendant contends that it is a finding on the same paragraph of his second defense. The findings, as a whole, make it manifest that the apparent conflict results from the method of designating the paragraphs, and is more a matter of form than substance. Further, the findings otherwise sufficiently cover the issues tendered.

■ The remaining contentions may be grouped under the head of disputed fact. Defendant had sought to have the contract reformed, in a separate defense, and the findings of the trial court were against him. His contentions under this last group are mostly claims as to what his rights might be under the contract as reformed. Without detailing all of the contentions made, a careful reading of the reporter's transcript, a task which is not incumbent upon us, discloses that the findings of the trial court adverse to appellant's

736

contentions were, in each instance, supported by competent evidence.

■ The appeal is presented under the alternative method, and neither in appellant's brief, nor in any appendix thereto, is there printed sufficient of the evidence to disclose the errors complained of. It is not the province of a reviewing court to present, by way of opinion, a detailed argument on the sufficiency of the evidence to support the judgment where it appears that the question is one purely of determining which side shall be believed. The trial court having determined this with the witnesses before it, the controversy is settled.

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.