[Civ. No. 18533. Second Dist., Div. Two. Oct. 15, 1951.]

MAURICE C. JOHNSTON, Appellant, v. VIDA C. JOHNSTON, Respondent.

---

Kenneth M. Liskum for Appellant.

Hugh E. McManus for Respondent.

778

McCOMB, J.—This is an appeal from a judgment granting defendant an interlocutory decree of divorce from plaintiff on her cross-complaint, and denying plaintiff a divorce from defendant on his complaint.

*Questions:* First: *Was there substantial evidence to sustain the findings of fact set forth below?*

This question must be answered in the affirmative.

i

■ Finding V: "It is true that after the parties acquired the said two parcels of real property and caused the title to the same to be taken and recorded as joint tenancy property that they orally agreed that their interests in said properties would be community property."

` This finding was supported by plaintiff's admission in paragraph V of the complaint wherein he alleged that the property mentioned in the foregoing finding, "same is community property."

■ Admissions and allegations in a party's own pleadings sustain a finding of fact in accordance therewith. (*Bloss* v. *Rahilly,* 16 Cal.2d 70, 77 [104 P.2d 1049]; *Driver* v. *International Air Race Assn.,* 54 Cal.App.2d 614, 620 [129 P.2d 771].)

ii

■ Finding VII: That since July 16, 1946, and down to the date of trial plaintiff collected and received approximately $8,000 of community property and expended said sum for his own use and purposes.

Plaintiff, who was an accountant, filed exhibit 8 in which he charged himself with the possession of $15,555.11 in community property. At his request and without objection he was allowed to file exhibit 12, wherein he charged himself with $11,555.20 of community property. The exhibits disclose that at the time of trial he had expended over $8,000 for his own use above the repayment of community obligations and the maintenance of community property. This evidence sustains the foregoing finding.

iii

■ Finding XIV: "That it is true that Maurice C. Johnston has in his possession certain separate property items belonging to Vida C. Johnston, consisting of clothing, dolls, doll clothing, personal books, child's high chair and rocking chair and other miscellaneous personal effects."

This finding was supported by defendant's testimony

wherein she stated that she had left at their home many of her personal effects, keepsakes and boxes containing property belonging to her before her marriage. This finding was agreed upon by counsel for both parties and therefore may not be questioned upon appeal.

iv

 Finding XIII, subdivisions 2 and 3: "That it is true that there is now on hand the following described community property of the parties hereto:

. . . . . . . . . . . . . . .

"2. Three certain Auburn automobiles now in the possession of Maurice C. Johnston;

"3. One 1947 Hudson automobile now in possession of Vida C. Johnston."

These findings are supported by the testimony that the automobiles were purchased either with community funds or with funds obtained from community property sold by defendant.

v

 Finding XIII, subdivision 5: That certain life insurance policies were community property.

This finding is supported by plaintiff's testimony that community funds were used to pay premiums on the life insurance policies. Where premiums on an insurance policy issued on the life of a husband are paid from community funds the policy is presumed to be community property in the absence of a showing that a portion of the premium was paid with separate funds of the husband. (*Union Mutual Life Ins. Co.* v. *Broderick,* 196 Cal. 497, 507 [238 P. 1034].)

 Finding II: That defendant was not guilty of adultery.

This finding is supported by defendant's testimony that she was not present at her apartment at the times when the alleged acts of adultery were committed.

*Carstensen* v. *Gottlesburen,* 215 Cal. 258 [9 P.2d 831], is not here in point for the reason that in the cited case one of the codefendants defaulted and failed to answer the pleading. Such is not the case here. The correspondent filed his answer denying the allegation of plaintiff's complaint relative to adultery, casting the burden upon plaintiff to prove that the acts of adultery had been committed, which he failed to do in the light of defendant's testimony which the trial court believed.

vii

■ Finding XII: That plaintiff had been guilty of extreme cruelty toward defendant.

This finding is supported by 'defendant's testimony that plaintiff pushed her around, necessitating medical treatment for a sprained back; cursed her in front of his friends; demanded that she give him all of their property, and discussed sex topics to her embarrassment in the presence of her friends. (*Price* v. *Price*, 71 Cal.App.2d 734, 736 [163 P.2d 501].)

■ Second: *Was there substantial evidence to sustain findings that plaintiff was entitled to a divorce from defendant?*

*No.* The various matters testified to by plaintiff constituting acts of cruelty were either trivial, or facts which were denied by defendant whose testimony the trial court believed.

When the sufficiency of evidence to sustain the trial court's finding is brought in question before an appellate court, the following rule should be borne in mind. It is stated succinctly by Mr. Justice Parker in *Behler* v. *Kunde,* 100 Cal.App. 731, 736 [281 P. 76] : ''It is not the province of a reviewing court to present, by way of opinion, a detailed argument on the sufficiency of the evidence to support the judgment where it appears that the question is one purely of determining which side shall be believed. The trial court having determined this with the witnesses before it, the controversy is settled.''

■ Third: *Did the trial court err in requiring plaintiff to answer over objection a question as to the reasonable value of the use and occupancy of one of the houses which was community property during the four-year period prior to trial?*

*No.* The objection was that the question was immaterial since plaintiff had the right to live on the premises. This objection was properly overruled since the question was admitted solely for the purpose of determining the value of the property when the trial court made a division thereof between the parties.

■ Fourth: *Was the interlocutory decree of divorce prejudicially erroneous in that it attempted to make an immediate division of the community property of the parties?*

*No.* The interlocutory decree of divorce read as follows:

''It is further ordered, adjudged and decreed that cross-complainant, Vida C. Johnston, is entitled to a divorce from the cross-defendant, Maurice C. Johnston; that when *one year shall have expired after the entry of this interlocutory judgment a final judgment dissolving the marriage between the*

*cross-complainant and cross-defendant be entered and at that time the Court shall grant such other and further relief as may be necessary to complete the disposition of this action;* (italics added.)

"It is further ordered, adjudged and decreed that cross-complainant, Vida C. Johnston, be and she is hereby awarded as her sole and separate property the real property with improvements thereon known as 2421 and 2423 Sierra Street, in the City of Torrance, County of Los Angeles, State of California, said property being more particularly described as follows:

"Lot 12, Block 80, Torrance Tract, in the City of Torrance, County of Los Angeles, State of California, as per map recorded in Book 22, pages 94 and 95 of Maps in the office of the County Recorder of Los Angeles County, State of California;

"Said cross-defendant, Maurice C. Johnston, is hereby further ordered to transfer, convey, execute and surrender the title and deed and all necessary documents in connection therewith and also the possession of said real property to Vida C. Johnston within ten days after the entry of this decree;

. . . . . . . . . . . .

"It is further ordered, adjudged and decreed that all of the cash funds now on hand with R. E. Allen, Court Receiver, are awarded to Maurice C. Johnston, subject to the following disposition: Said R. E. Allen is hereby ordered to pay forthwith from said cash funds the sum of $400.00 to Edward P. Hart, as attorney fees, and the further sum of $400.00 directly to Hugh E. McManus, as attorney fees, and the balance of said funds, after the payments above set forth, directly to Maurice C. Johnston."

The rule is that the final division of community property should be made in the final decree of divorce and not in the interlocutory decree. (*Waters* v. *Waters,* 75 Cal.App.2d 265, 270 [4] [170 P.2d 494].) It is likewise settled that language in an interlocutory decree of divorce purporting to make a present final disposition of community property will be considered in conjunction with the remainder of the decree.

If the decree includes a provision for the granting of further relief at the time of entry of the final decree of divorce, similar to the italicized provision in the interlocutory decree set forth *supra,* the interlocutory decree will be construed as determining the manner in which the community property is to be assigned at the time of entry of the final

decree. The language in the interlocutory decree purporting to make a final disposition of the community property will be disregarded as surplusage. (*Webster* v. *Webster*, 216 Cal. 485, 493 [9] [14 P.2d 522] ; *Lo Vasco* v. *Lo Vasco*, 46 Cal.App.2d 242, 247 [4] [115 P.2d 562].)

Affirmed.

Moore, P. J., concurred.

A petition for a rehearing was denied November 1, 1951, and appellant's petition for a hearing by the Supreme Court was denied December 13, 1951.