[Civ. No. 18689. Second Dist., Div. Two. Nov. 9, 1951.]

ARNALDO M. MARSON, Appellant, v. RICHARD RAND et al., Respondents.

McLaughlin & Casey for Appellant.

C. L. Gardner and Graham L. Sterling, Jr., for Respondents.

McCOMB, J.—Plaintiff appeals from an adverse judgment in a rescission action whereby he sought to recover the purchase price which he had paid for outstanding shares of stock

in Cienega Village, Inc. (hereinafter referred to as the corporation), which plaintiff purchased from defendant Richard Rand pursuant to a contract of sale dated February 10, 1951.

The action was predicated upon the theory that the stock which defendant Richard Rand sold and transferred to plaintiff was void for the reason that it had been issued in violation of terms of the permit granted by the corporation commissioner, in that the consideration for the issuance of the stock was not received by the corporation *until a date* subsequent to the issuance of such stock.

The case was tried before the court sitting without a jury who found that the shares of stock which plaintiff purchased had been issued *after* the consideration therefor had been paid.

 *Questions:* First: *Was there substantial evidence to sustain the trial court's findings, (a) that the stock which plaintiff purchased had been issued after the consideration therefor had been received by the corporation, and (b) that there were no fraudulent representations made in the application to the corporation commissioner for a permit to issue stock, even though it was conceded the application stated that 7.12 acres of land of the value of $37,000 would be conveyed to the corporation when in truth and fact only 5.5 acres of land of the value of $37,000 was conveyed to the corporation?*

*Yes.* We have examined the record and are of the opinion there was substantial evidence to sustain the inferences the trier of fact reasonably drew therefrom to support each and every material finding of fact upon which the judgment in favor of defendants was necessarily predicated.

(a) The records and testimony received in evidence disclosed the corporation had received prior to the issuance of shares of stock the consideration which the permit of the Corporation Commissioner required to be given prior to the issuance of the stock.

(b) The testimony disclosed the statement, in the petition for a permit to issue stock, that 7.12 acres of land would be conveyed to the corporation, was made through inadvertence, and the material fact relative to the transfer of land to the corporation was its value of $37,000 and not the quantity of the land. Since the land that was transferred was actually of the value of $37,000 it became immaterial as to the quantity thereof.

Further discussion of the evidence would serve no useful purpose, and we therefore refrain from further elaboration

thereof. (See *Thatch* v. *Livingston,* 13 Cal.2d 202, 203 [56 P.2d 549].)

█ The applicable rule in the instant case often reiterated is stated by Mr. Justice Parker in *Behler* v. *Kunde,* 100 Cal. App. 731, 736 [281 P. 76] thus: *"It is not the province of a reviewing court to present, by way of opinion, a detailed argument on the sufficiency of the evidence to support the judgment where it appears that the question is one purely of determining which side shall be believed.* The trial court having determined this with the witnesses before it, the controversy is settled." (Italics added.)

█ Second: *Did the trial court err in excluding evidence relative to the transfer of funds by the corporation prior to the time plaintiff purchased its stock?*

*No.* Such evidence was immaterial, plaintiff's sole contention at the time being that the stock was void because issued in violation of the terms of the permit of the corporation commission. Hence the financial transactions of the corporation prior to the time the purchaser became a stockholder were entirely immaterial to such issue.

In addition the agreement between the parties contained this provision: "The parties agree that the only assets and liabilities of said corporation; to wit, the Cienega Village, Inc., are such as are represented and shown on the balance sheet attached hereto and made a part hereof, which balance sheet has been approved and signed by both parties and includes certain improved real property located adjacent to the northeast corner of La Cienega Boulevard and 57th Street, in the County of Los Angeles, California, and which real property is improved with a number of apartment buildings containing a total of seventy-five (75) apartment units." Such clause constituted substantial evidence that plaintiff knew of the transactions of the corporation prior to the time he purchased its stock and was satisfied with what had occurred.

In view of the findings of the trial court and our conclusion that the evidence sustains them it is unnecessary to consider other questions argued by counsel.

Affirmed.

Moore, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 8, 1952. Carter, J., and Traynor, J., voted for a hearing.