TERRELL, Justice.
On March 3, 1953, William C. Dwyer secured an interlocutory decree of divorce from Helen E. Dwyer in the Superior Court of Los Angeles County, California for extreme cruelty and desertion, the said decree providing that, at the expiration of one year from the entry of the interlocutory judgment “a final judgment dissolving the marriage between plaintiff and defendant be entered and at that time the court shall grant such other and further relief as may be necessary to complete disposition of this action.” Service was made on defendant by publication and there was no appearance.
January 28, 1953, Plelen E. Dwyer filed complaint for divorce against, William C. Dwyer in the Circuit Court of the Sixth Judicial Circuit of Pinellas County, Florida, on the ground of desertion, May 2, 1953, a certified copy of the interlocutory decree of divorce in California having been submitted to the chancellor, an order was entered by him granting Helen E. Dwyer leave to amend her complaint wherein was expressed the view of the chancellor that the interlocutory decree of divorce in California was such a type of divorce as fell within that part of F.S. § 65.04, F;S.A. providing “That the defendant has obtained a divorce from the complainant in any other state or country.” Such an amendment to the complaint was filed describing in detail the date, number, venue and other factors relative to the interlocutory decree issued in California. The amended complaint prayed for divorce on the amended ground. The defendant answered admitting the issuance of the interlocutory decree in California and moved to dismiss the complaint on the ground that it was res judicata. August 12, 1953, the chancellor entered a final decree of divorce in favor of appellee on the ground that appellant had procured a final decree of divorce from appellee in California. This appeal is from the final decree.
The point for determination is whether or not an interlocutory decree of divorce secured in California is such a deciee as satisfies the requirement of F.S. § 65.04(8), F.S.A. authorizing a divorce in favor of the complainant where defendant had secured a divorce from complainant in another state or country.
We think this question requires a negative answer. In the first place, to satisfy the requirement of F.S. § 65.04(8), F.S.A., entitling the decree of divorce to full faith and credit under Section 1, Article IV, Federal Constitution the decree must be absolute and such as severs the bonds of matrimony between the parties. The interlocutory decree in California does not have this effect. In re Seiler’s Estate, 164 Cal. 181, 128 P. 334, nor does it have the effect of automatically destroying the marital res at the end of the one year period required by the California decree. In re Dargie’s Estate, 162 Cal. 51, 121 P. 320. *380 It appears from the California decisions that such a decree may adjudicate property rights except community and the homestead which must await the final decree. Leupe v. Leupe, 21 Cal.2d 145, 130 P.2d 697; Johnston v. Johnston, 106 Cal.App.2d 775, 236 P.2d 212.
The interlocutory decree issued in California shows on its face that no question as to property rights, custody of the three minor children, alimony or property settlement, attorneys fees, costs and other factors that may arise incident to such litigation were considered when the interlocutory decree was entered, but all such things were left open for a period of one year when a final judgment would be considered and at which time the “Court shall grant such other and further relief as may be necessary to complete disposition of this action.”
The interlocutory decree in California was entered March 3, 1953, and the final decree appealed from was entered August 12, 1953, approximately seven months before the California decree could be made final and settle all rights of the parties. It is held in this jurisdiction that the decree of a foreign state that is subject to modification may not be accorded full faith and credit under Section 1, Article IV, Federal Constitution. Boyer v. Andrews, 143 Fla. 462, 196 So. 825; Cohen v. Cohen, 158 Fla. 802, 30 So.2d 307; Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 632, 54 L.Ed. 905; Lynde v. Lynde, 181 U.S. 183, 21 S.Ct. 555, 45 L.Ed. 810; Restatement: Conflict of Laws, Section 434 and 435. Since the marital res has not yet determined under law of California it cannot yet be said that the parties have such a divorce in any other state or country as is contemplated under F.S. § 65.04(8), F.S.A.
The decree of the chancellor is accordingly reversed.
Reversed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.