[Civ. No. 17908.   First Dist., Div. Two.   Dec. 2, 1959.]

JACQUELINE CAREW, Respondent, v. RICHARD J. CAREW, Appellant.

William C. Danielson for Appellant.

Gladstein, Andersen, Leonard & Sibbett, Richard Gladstein and Ewing Sibbett for Respondent.

DRAPER, J.—Interlocutory decree of divorce was granted to plaintiff wife. She was awarded the community property, the principal item of which was the family home. Defendant was ordered to pay $200 per month alimony and $100 for child support. Defendant husband had borrowed money from his mother for the down payment on the house. Four years after the loan was made, 10 months after this divorce action was filed, and only one month before trial, the husband gave his mother a note for $5,000 and a second deed of trust on the home securing payment of the note. The interlocutory degree orders defendant to pay this note and to hold plaintiff harmless from claims thereon. Defendant appeals from the decree.

He first contends that the decree errs in reciting that findings had been waived. This contention is correct. However, when this error and the claimed failure to serve proposed findings on appellant were called to the court's attention, appellant was granted time to propose counterfindings and action on his motion for new trial was deferred until his proposed findings had been presented, considered and rejected by the court. Thus no possible prejudice appears.

Appellant also claims that the home was held in joint tenancy, that there is no evidence to show its community character, and that the court therefore erred in finding it to be community property. But the answer failed to deny the allegation of the complaint that the family home was community property. When a fact alleged in the complaint is not denied, it is deemed admitted and no evidence need be offered to prove the existence of that fact. (*Rembold* v. *City & County of San Francisco*, 113 Cal.App.2d 795, 796 [249 P.2d 58];

*Fuentes* v. *Tucker,* 31 Cal.2d 1, 4-5 [187 P.2d 752] ; *Johnston* v. *Johnston,* 106 Cal.App.2d 775, 778 [236 P.2d 212].) Thus the trial court did not err.

█ There was no error in ordering defendant to pay the note to his mother (see *Jackson* v. *Jackson,* 93 Cal.App.2d 101 [208 P.2d 997]).

█ Appellant asserts error in a claimed attempt of the trial court to enter interlocutory decree *nunc pro tunc.* But neither the form nor the substance of the decree bears out the claim that any such attempt was made. If the decree were in fact entered *nunc pro tunc,* appellant has not been prejudiced. Such an entry could not affect his time to appeal. The fact that this opinion is written shows that it had no such effect. More than a year has passed since actual entry of the interlocutory. Thus the date of that decree could in no way accelerate entry of the final.

█ The final disposition of the community property should be made in the final, rather than the interlocutory, decree. However, this error may be corrected by modification of the decree on appeal. (*Dowd* v. *Dowd,* 111 Cal.App.2d 760, 765 [245 P.2d 339] ; *Waters* v. *Waters,* 75 Cal.App.2d 265, 270-271 [170 P.2d 494].)

The interlocutory decree is modified by striking therefrom the recital that findings have been waived, and by amending it to provide that the award of property shall be effective upon entry of the final decree. As so modified, the decree is affirmed.

Kaufman, P. J., and Dooling, J., concurred.