PELTOLA v PELTOLA

1. Divorce—Grounds for Divorce—Statutes.

A trial court in a divorce action shall grant a divorce if evidence
is presented in open court that (1) there has been a breakdown
in the marriage relationship to the extent that the objects of
matrimony have been destroyed, and (2) there remains no
reasonable likelihood that the marriage can be preserved; if
either of these criteria is absent the court shall deny the
divorce (MCLA 552.6; MSA 25.86).

2. Divorce—Evidence—Continued Cohabitation—Condonation—
Statutes.

The fact that the parties in a divorce action continued to live
together as husband and wife after the filing of the complaint
for divorce and continued to have sexual relations even subse-
quent to an attempt at reconciliation is a fact which may be
considered by a trial court, along with all other facts in
evidence, in determining whether the statutory criteria for
grant of a divorce are satisfied, but a court may not simply
label sexual intercourse as condonation and deny a divorce on
the basis thereof because condonation is a defense which does
not exist under the "no-fault" divorce statute (MCLA 552.6;
MSA 25.86).

Appeal from Ontonagon, Donald L. Munro, J.
Submitted October 4, 1977, at Marquette. (Docket
No. 77-278.) Decided November 22, 1977.

Complaint by Barbara J. Peltola against Harold
W. Peltola for divorce. Divorce denied. Plaintiff
appeals. Reversed and remanded.

*Timothy J. Mahoney,* for plaintiff.

Reference for Points in Headnotes
[1, 2] Am Jur 2d New Topic Service, No-Fault Divorce §§ 2, 17.

*Allen R. Briggs,* for defendant.

Before: QUINN, P. J., and BASHARA and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. In this cause the trial court denied a divorce, commenced under the "no-fault" divorce statute, MCLA 552.6; MSA 25.86, on the basis of condonation. Plaintiff appeals as of right. We reverse.

According to an agreed statement of facts submitted by counsel pursuant to the provisions of GCR 1963, 812.10 the pertinent facts relevant to the instant action appear to be that (1) plaintiff filed her complaint for divorce on June 10, 1976; (2) the parties continued to reside in the family home thereafter due to illness of the plaintiff and continued periodically to share the matrimonial bed in an attempt at reconciliation; (3) after all hope of reconciliation had passed the parties engaged in sexual relations on at least one occasion with the last incident occurring on October 6, 1976; (4) after October 6, 1976, defendant periodically continued to reside in the matrimonial home from time to time but no sexual intercourse took place; (5) hearing on plaintiff's complaint was held on December 7, 1976; (6) plaintiff testified that the objects of matrimony had been destroyed due to her husband's excessive drinking and acts of violence stemming therefrom and further that there was no reasonable likelihood that the marriage could be preserved; (7) defendant admitted he had a drinking problem, that he had used violence against plaintiff prior to the institution of the divorce action, acknowledged that he refused to cease his consumption of alcoholic beverages, agreed he had refused the request of his wife to receive help from an alcohol abuse center, and

accepted as true his wife's testimony that there had been a breakdown in the marriage relationship to the extent that the objects of matrimony had been destroyed and that there remained no reasonable likelihood that the marriage could be preserved.

Upon conclusion of proofs the trial court denied the divorce on the grounds that the parties' continued cohabitation, after any hope of reconciliation had passed, constituted condonation and that divorce was therefore barred under the laws of this state.

We hold that with the adoption of "no-fault" came the demise of "fault" both as it pertains to grounds for and defenses to a divorce action in the State of Michigan. Under Michigan law the only issues for the trial court's consideration, in a divorce action, are contained in MCLA 552.6; MSA 25.86, which reads as follows:

"(3) The court shall enter a judgment dissolving the bonds of matrimony if evidence is presented in open court that there has been a breakdown in the marriage relationship to the extent that the objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved."

Should the trial court find in the affirmative as to both criteria set forth above it is mandatory that the court grant a divorce. If the court finds in the negative as to either of the above criteria the court shall deny the divorce.

In *Cowsert v Cowsert,* 78 Mich App 129, 132; 259 NW2d 393 (1977), a panel of this Court stated:

" * * * we * * * hold that a marriage is based on more than just sex so that an isolated instance of sexual intercourse occurring after the commencement

of a divorce action but more than one year prior to trial is not, in and of itself, a sufficient basis to deny a divorce under the 'no-fault' divorce statute."

While the facts in the instant case differ from the facts in *Cowsert* we reiterate our holding therein "that a marriage is based on more than just sex". Here the plaintiff testified and defendant admitted that he drank to excess and had exercised acts of violence upon the plaintiff following his bouts with drinking. He further testified that he refused to cease his consumption of alcoholic beverages despite plaintiff's request that he do so and also seek help from an alcohol abuse center. Defendant further admitted that the foregoing had placed an undue strain upon the marriage and testified that plaintiff's testimony to the effect that there had been a breakdown in the marriage relationship to the extent that the objects of matrimony had been destroyed and that there remained no reasonable likelihood that the marriage could be preserved was in fact true.

We wish to note that the last act of sexual intercourse occurred 62 days prior to the date of hearing. It should be further noted that no children were born of the marriage and had the complaint been filed on October 7, 1976, rather than when it was, testimony could have been taken on December 7, 1976, since 60 days would have elapsed from the filing of the complaint to the taking of testimony. MCLA 552.9f; MSA 25.89(6). Had such been the case, on the basis of the agreed statement of facts before us, the trial court would have been obliged to grant a judgment of divorce.

While the trial court, under the no-fault divorce statute, may consider the fact that the parties continued to live together as husband and wife

after the filing of the complaint for divorce and continued to have sexual relations even subsequent to an attempt at reconciliation in determining the criteria set forth in MCLA 552.6; MSA 25.86 it should also consider all of the facts, such as those set forth above, in determining whether the criteria of the statute have been met. It may not simply label sexual intercourse condonation and deny divorce on the basis thereof since condonation was a fault defense which no longer exists.

Reversed and remanded for redetermination or further testimony, at the trial court's discretion, according to the standards set forth in this opinion.