622 P.2d 242
**Seymour D. BUCKNER,**
**Petitioner-Appellant,**

v.

**Millicent Fox BUCKNER,**
**Respondent-Appellee.**

**No. 13009.**

Supreme Court of New Mexico.

Jan. 19, 1981.

·Russell D. Gray, Jr., Albuquerque, for petitioner-appellant.

Atkinson & Kelsey, Sandra Morgan Little, Albuquerque, for respondent-appellee.

## OPINION

EASLEY, Chief Justice.

Seymour D. Buckner filed suit against Mrs. Buckner for divorce. She filed a motion to dismiss for lack of jurisdiction and forum non conveniens; the trial court granted the motion. Buckner appealed. We reverse.

Over five years prior to the time Buckner filed suit in New Mexico solely for a dissolution of the marriage, the parties had been engaged in a suit for separate maintenance, alimony and child support in a New York court. Since that cause was filed Buckner has established residence in New Mexico for a sufficient time to legally petition for divorce.

We must determine whether our trial court may elect to dismiss the case in the interest of justice and convenience to the litigants, or is compelled to entertain Buckner's petition for divorce only, in light of the pendency of a legal separation action in the state of New York.

Section 40–4–1, N.M.S.A. 1978, provides that "a district court *may* decree a dissolution of marriage." (Emphasis added.) Mrs. Buckner contends that by use of the word "may" instead of the word "shall," the Legislature made discretionary whether the court would grant a divorce. Thus, according to Mrs. Buckner, the trial court had the authority to dismiss the petition for forum non conveniens.

The order of dismissal gave no reason for the dismissal except to state that there was an "action pending in *Buckner v. Buckner*" in New York. There were no independent findings and conclusions. Mrs. Buckner admitted that the trial court had jurisdiction to grant a divorce, that the only child of the parties had reached majority, that child support questions had been reduced to judgment in New York and that a New Mexico divorce would not cut off the alimony awarded to Mrs. Buckner in the New York legal separation suit.

On a motion for rehearing of the dismissal order, the trial court ruled orally that there was substantial evidence in the record to show that Buckner was behind on child support and alimony payments in New York, and that his moving to New Mexico and filing for divorce appeared to be evasive and against public policy. The court then signed the order of dismissal.

We have addressed the doctrine of forum non conveniens in two cases, *Torres v. Gamble*, 75 N.M. 741, 410 P.2d 959 (1966) and *McLam v. McLam*, 85 N.M. 196, 510 P.2d 914 (1973). In *Torres* this Court recognized the existence of the doctrine but found no "weighty reasons" to prompt the Court to declare that the plaintiffs' right to choose the forum should be disturbed. In *McLam* the Court considered whether to litigate the property rights of parties to a divorce action where the property in question was located in Idaho. This Court questioned the ultimate efficacy of any decree in this state purporting to affect title to realty situated in Idaho. We applied the doctrine of forum non conveniens, recognizing that the use of the doctrine rests largely in the discretion of the court to which the claimant resorts.

The leading case on this doctrine is *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The Supreme

Court recognized that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute, but that a plaintiff sometimes resorts to forcing a trial at an inconvenient place for an adversary. Thus, the Court stated:

> Many of the states have met misuse of venue by investing courts with a discretion to change the place of trial on various grounds, such as the convenience of witnesses and the ends of justice. (Footnote omitted.)

*Id.* at 507, 67 S.Ct. at 842; and further stated:

> Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which plaintiff resorts, and experience has not shown a judicial tendency to renounce one's own jurisdiction so strong as to result in many abuses. (Footnote omitted.)

*Id.* at 508, 67 S.Ct. at 843. The Court described factors to be weighed in determining whether the doctrine should be invoked as follows:

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. *But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.* (Emphasis added and footnote omitted.)

*Id.* at 508, 67 S.Ct. at 843.

In the recent case of *Hemmelgarn v. Boeing Company*, 106 Cal.App.3d 576, 165 Cal. Rptr. 190 (1980), the court held that the doctrine of inconvenient forum which permits an action to be removed to another state or country for trial is "by its nature a drastic remedy to be exercised with caution and restraint." The court then set forth a rather exhaustive list of considerations that might influence the decision on the issue of change of forum. *Accord, In Re Marriage of Bastian*, 94 Cal.App.3d 483, 156 Cal.Rptr. 524 (1979); *Motor Inn Management Inc. v. Irvin-Fuller Dev. Co.*, 46 N.C.App. 707, 266 S.E.2d 368 (1980).

In *MacLeod v. MacLeod*, 383 A.2d 39 (Me. 1978), the court held that it is essential that there be available an alternative forum and held that the trial court erred in dismissing the suit since there was nothing in the record to indicate an available alternative forum.

The doctrine of forum non conveniens has been adopted by the Restatement (Second) of Conflict of Laws, Section 84, as follows:

> A state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action provided that a more appropriate forum is available to the plaintiff.

Comment c to Section 84 of that text lists the important factors to be considered: "(1) that since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons, and (2) that the action will not be dismissed unless a suitable alternative forum is available to the plaintiff."

New Mexico has a substantial interest in the marital status of its citizens. Its courts are open to residents who desire to obtain divorces on the ground of incompatibility. It is not evident from the record that New York courts have jurisdiction to grant divorces on the ground of incompatibility; thus, a question is raised as to whether there is an alternative forum in which Buckner can have his cause litigated.

■ The pending legal separation suit in New York is no impediment under New Mexico law to the filing of a divorce action, since our statutes provide that these two causes of action are separate and distinct. §§ 40–4–3 and 5, N.M.S.A. 1978.

■ The only issue in Buckner's divorce case is whether the parties are incompatible. He may establish this by his own testimony, without any other witnesses or evidence. Thus all the "factors" in *Gulf Oil Corp.* and the other cases have no application. There are no unwilling witnesses, no costs of transporting them and evidence from New York, no premises to be viewed and the case can be as expeditiously and inexpensively conducted in New Mexico as in New York. It would be equally expensive for Buckner to return to New York as it would be for Mrs. Buckner to be available in New Mexico. Thus, the balance seems to be evenly struck between the two forums. However, in accordance with *Gulf Oil Corp., supra,* and the other authorities, unless the balance is strongly in favor of the foreign forum, the plaintiff's choice of forum should not be disturbed.

We find that the other factors of public interest in the marital relations of these parties have been adequately satisfied by litigation in the New York court and they have no bearing on the narrow question involved here.

■ In New Mexico where a statutory ground is shown to exist, the court has no discretionary right to deny the divorce. *State ex rel. DuBois v. Ryan,* 85 N.M. 575, 514 P.2d 851 (1973). Whether there is misconduct, fault or blame on either or both of the parties is not of significance, the issue being whether the parties are compatible. *Chavez v. Chavez,* 39 N.M. 480, 50 P.2d 264 (1935).

We reverse the decision of the trial court and remand the case to that court for trial.

IT IS SO ORDERED.

PAYNE, J., and GENE E. FRANCHINI, District Judge, concur.