734 P.2d 811

**Johnny Wayne JOY, Petitioner-Appellant,**

**v.**

**Annette Christine JOY, Respondent-Appellee.**

**No. 8658.**

Court of Appeals of New Mexico.

Feb. 26, 1987.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Richard L. Kraft, Sanders, Bruin, Coll & Worley, P.A., Roswell, for petitioner-appellant.

Kevin J. Hanratty, Klipstine & Hanratty, Artesia, for respondent-appellee.

## OPINION

DONNELLY, Chief Judge.

Husband appeals from an order entered pursuant to NMSA 1978, Civ.P.Rule 60(b) (Repl.Pamp.1980) (recompiled as SCRA 1986, Rule 1–060(B)), vacating a decree of divorce approximately six months after it was entered and dismissing the action without prejudice. The central issue raised on appeal is whether the evidence adduced at the motion to vacate the decree, indicating that the parties continued to live together and share the same residence for approximately one week after the filing of a petition for dissolution of marriage, deprived the court of jurisdiction to enter a decree dissolving the marriage of the parties. Reversed and remanded.

Husband filed a petition for dissolution of marriage on November 14, 1984, in the Chaves County District Court. The verified petition alleged, among other things, that "a state of incompatibility has arisen between [the parties] making it impossible for them to live together as husband and wife." Wife did not file an answer to the petition for divorce nor did she deny husband's allegations of incompatibility. Thereafter, wife, who was unrepresented by counsel, signed a stipulated marital settlement agreement providing for division of community property, debts, and custody of the two minor children of the parties. Wife agreed in the marital settlement that a final decree of divorce could be entered "on the grounds of incompatibility." Wife also filed a waiver of notice of hearing as to any further proceedings in the cause. The trial court approved the marital settlement agreement and entered a final decree dissolving the marriage on November 29, 1984, based upon the incompatibility of the parties.

On December 26, 1984, wife, through newly employed counsel, filed a motion under Civ.P.Rule 60(b), seeking to modify the decree and to set aside the property settlement agreement based upon the existence of alleged mutual mistake, unawareness of the parties of the nature and extent of community assets and other equitable grounds. At the hearing on the above motion, wife's counsel also argued that the trial court lacked jurisdiction because the parties continued living together after the filing of the petition for dissolution of marriage.

Wife testified at the hearing on the motion that she had continued to live with husband, sharing the same residence and bed, for approximately one week after the petition for divorce had been filed. Wife further testified that she had no knowledge

that the petition for divorce had been filed until husband came home and informed her that he had been to his lawyer's office and had filed the petition. Husband was questioned as to whether he had continued to reside with wife at the time the petition for divorce was filed and he invoked his fifth amendment privilege.

Thereafter, on May 24, 1985, the trial court entered an order vacating the prior judgment and dismissing the cause based upon the following finding:

1. The original petition in this cause was filed on November 14, 1984. At that time the parties were not separated; they continued to live together in cohabitation as husband and wife for at least one week following filing of the petition.

2. By reason of the foregoing, the Court lacked jurisdiction of the cause and the judgment should be set aside.

On June 4, 1985, husband filed a motion to set aside the order vacating the judgment and dismissing the case. The trial court denied the motion on June 12, 1985.

## PROPRIETY OF DISMISSAL

Husband argues that the trial court erroneously concluded that continued residence by the parties in the same home deprived the court of jurisdiction to grant dissolution of the marriage. Husband contends he satisfied all jurisdictional requisites under NMSA 1978, Sections 40–4–4 and –5 (Repl. 1986), regarding domicile and residence for granting the divorce and that no other statute or requirement deprived the trial court of jurisdiction. Husband also asserts that he presented sufficient evidence to establish that a state of incompatibility existed and continues to exist between the parties. He also argues that the fact that the parties temporarily continued to reside together after the filing of the petition for divorce only went to the weight of the evidence concerning the issue of incompatibility and not to the jurisdiction of the court. *See Buckner v. Buckner*, 95 N.M. 337, 622 P.2d 242 (1981); NMSA 1978, § 40–4–2 (Repl.1986). Husband also contends that once a finding is made that the parties are incompatible, a divorce must be entered.

*See Buckner; Garner v. Garner*, 85 N.M. 324, 512 P.2d 84 (1973).

■ The legislature's adoption of incompatibility as a ground for dissolution of marriage carried with it the correlative effect of abolishing the traditional or common-law defenses to divorce. *See Garner.* The essential prerequisites to establish a party's right to a dissolution of marriage on the ground of incompatibility are proof of domicile, residence and the existence of facts showing that the parties are irreconcilably incompatible. §§ 40–4–2, –5. *See also State ex rel. DuBois v. Ryan*, 85 N.M. 575, 514 P.2d 851 (1973); *Garner; Poteet v. Poteet*, 45 N.M. 214, 114 P.2d 91 (1941). *Cf. Heckathorn v. Heckathorn*, 77 N.M. 369, 423 P.2d 410 (1967).

■ New Mexico recognizes four separate grounds for divorce, including incompatibility. NMSA 1978, § 40–4–1(A) (Repl. 1986). Where petitioner seeks a dissolution of marriage on a ground other than incompatibility, cohabitation or continued residence together by the parties, following the filing of a petition for divorce, gives rise to the affirmative defense of condonation. Condonation is forgiveness, either express or implied, of antecedent matrimonial misconduct. *Richardson v. Richardson*, 124 Colo. 240, 236 P.2d 121 (1951) (en banc). Whether or not condonation exists, requires a factual determination based upon the evidence before the court. *Zildjian v. Zildjian*, 8 Mass.App. 1, 391 N.E.2d 697 (1979). Condonation, however, is a "fault defense" which no longer exists under our no-fault statute. *Peltola v. Peltola*, 79 Mich.App. 709, 263 N.W.2d 25 (1977). *See also In re Marriage of Franks*, 189 Colo. 499, 542 P.2d 845 (1975) (en banc); *Ryan v. Ryan*, 277 So.2d 266 (Fla.1973). *Cf. Chester v. Chester*, 76 Cal.App.2d 265, 172 P.2d 924 (1946).

Husband denies that the parties' sharing of the home and sleeping in the same bed for a week amounted to cohabitation as man and wife and challenges the sufficiency of the evidence to support this finding of the trial court. Husband further argues that the fact that the parties may have continued to temporarily reside together,

**574**

absent a showing of reconciliation, does not constitute justification to deny dissolution of the marriage where the basis for the divorce is premised upon the incompatibility of the parties and both parties agree to the fact of incompatibility. *See Smith v. Smith*, 322 So.2d 580 (Fla.App.1975) (court required clear showing of intent to reconcile to justify denying dissolution under Florida's no-fault dissolution of marriage laws).

 We agree with that portion of husband's argument that evidence of cohabitation or continued residence together by the parties after filing a petition for divorce based on incompatibility does not automatically deprive the court of jurisdiction or mandate dismissal of the divorce proceedings as a matter of law. *Cf. McGaughy v. McGaughy*, 410 Ill. 596, 102 N.E.2d 806 (1951); *Claude v. Claude*, 180 Or. 62, 174 P.2d 179 (1946). Continued cohabitation following commencement of a divorce action may, however, indicate that the marriage is not, after all, irretrievably broken. As a general rule, it is not the policy of the law to separate parties who have not separated themselves. *See Berman v. Berman*, 277 A.D. 560, 101 N.Y. S.2d 206 (1950). The actions of the parties may serve to indicate that the marriage is still viable, and a party alleging incompatibility as a basis for dissolution of marriage must present evidence to establish the fact of incompatibility.

 In the present case, however, wife did not file an answer to husband's complaint nor contest husband's allegation that the parties were in fact incompatible. Wife expressly agreed in the marital settlement agreement "that a final decree may be entered granting the dissolution of marriage ... on the grounds of incompatibility.". Additionally, wife's written motion

under Rule 60(b) for modification of the decree and property settlement did not seek nullification of the decree of divorce. Generally, where a party does not controvert a fact in a responsive pleading, the fact is not in issue. *Carew v. Carew*, 175 Cal.App.2d 706, 346 P.2d 845 (1959); *Makovsky v. Makovsky*, 158 Cal.App.2d 738, 323 P.2d 562 (1958). *Cf. Romero v. S.S. Kresge Co.*, 95 N.M. 484, 623 P.2d 998 (Ct.App.1981). Here, both husband and wife agreed concerning the fact of incompatibility. In New Mexico, where jurisdiction, residence and the fact of incompatibility is shown to exist, the court has no discretionary right to deny the divorce. *Buckner*. Public policy favors the finality of judgments and a decree of divorce once entered should not be vacated or set aside, except upon a showing of an absence of jurisdiction, or good cause supported by facts found by the court justifying the relief. *See Harder v. Harder*, 49 Or.App. 582, 619 P.2d 1367 (1980); *see also* Rule 60(b).

The trial court's order vacating the decree of divorce and dismissing the action was erroneously premised upon the belief that the district court lacked jurisdiction. The cause is reversed and remanded with directions to reinstate the decree of divorce and to address wife's Rule 60(b) motion for modification of the decree and property settlement agreement on the merits.

IT IS SO ORDERED.

GARCIA and FRUMAN, JJ., concur.