851 P.2d 1072

**Henry SPRUYT, Petitioner,**

v.

**E. Lee SPRUYT, Respondent.**

**No. 20428.**

Supreme Court of New Mexico.

April 7, 1993.

Lloyd O. Bates, Jr. Law Firm, Lloyd O. Bates, Jr., Las Cruces, for petitioner.

Lilley & Macias, P.A., Stephen Stevers, Las Cruces, for respondent.

*OPINION*

FRANCHINI, Justice.

This matter comes before us on a grant of certiorari. The parties stipulated to the following facts. Henry Spruyt (Husband) and E. Lee Spruyt (Wife) physically separated approximately eight years ago. Husband commenced a divorce proceeding in New York in March of 1987, and Wife commenced a similar proceeding in New York in February of 1989. Both proceedings are still pending and neither has ever been called for hearing. Husband relocated to New Mexico and established permanent residency here more than six months preceding the filing of a Petition for Dissolution of Marriage (Petition) in Dona Ana County. The parties further stipulate that they are incompatible and not reconcilable. The parties have no children.

■ In the New Mexico proceeding Husband seeks only dissolution of marriage and requests no relief regarding assets, debts, or alimony. The district court dismissed Husband's Petition on the grounds that it had no jurisdiction to hear the matter due to the pending actions in New York and alternatively that it should decline to exercise jurisdiction under the doctrine of

forum non conveniens. In its first calendar notice, the Court of Appeals dealt summarily with the jurisdictional issue, observing that nothing within the grant of jurisdiction for divorce actions states an exception for instances when an action for divorce is pending in another jurisdiction. *See* NMSA 1978, § 40–4–5 (Repl.Pamp.1989). However, by memorandum opinion the Court of Appeals affirmed the district court's application of the doctrine of forum non conveniens. The sole issue we consider is whether the district court abused its discretion in declining to exercise its jurisdiction in an action for divorce under the doctrine of forum non conveniens where the only relief requested is the dissolution of marriage. We reverse the Court of Appeals on the forum non conveniens question and remand to the district court.

This case presents us with a factual scenario very similar to that in *Buckner v. Buckner*, 95 N.M. 337, 622 P.2d 242 (1981). The parties in *Buckner* were involved in a pending legal separation in New York when Mr. Buckner filed for a divorce in New Mexico. *Id.* at 338, 622 P.2d at 243. The trial court dismissed the petition for lack of jurisdiction and on the grounds of forum non conveniens. *Id.* This Court rejected the forum non conveniens determination and concluded that the pending action for legal separation in New York was no impediment to the divorce action in New Mexico since our statutes recognize divorce and legal separation as distinct causes of action. *Id.* at 340, 622 P.2d at 245. We also stated that "New Mexico has a substantial interest in the marital status of its citizens. Its courts are open to residents who desire to obtain divorces on the ground of incompatibility." *Id.* at 339, 622 P.2d at 244.

In *Buckner*, this Court recognized that plaintiff's choice of " 'forum should not be disturbed except for weighty reasons....' " *Id.* (quoting Restatement (Second) of Conflict of Laws § 84 cmt. c (1971)). We also acknowledged *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) as the leading case on the doctrine of forum non conveniens. Among the factors *Gulf Oil* delineates to be weighed

in invoking the doctrine are: Access to sources of proof, availability of witnesses, "and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 508, 67 S.Ct. at 843. *Gulf Oil* also states that by choice of forum plaintiff may not " 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* (footnote omitted).

There are no complex questions of evidence or problems of proof in this case. Nor are there difficulties with the attendance of witnesses. In *Buckner*, we pointed out that Mr. Buckner could establish incompatibility through his own testimony. *Buckner*, 95 N.M. at 340, 622 P.2d at 245. Here, the parties have stipulated that they are incompatible and irreconcilable. That Husband is domiciled in New Mexico has also been stipulated. These stipulations provide the prerequisites establishing the right to divorce on the grounds of incompatibility. *Joy v. Joy*, 105 N.M. 571, 573, 734 P.2d 811, 813 (Ct.App.1987). Moreover, where jurisdiction, residence, and incompatibility are shown to exist, a New Mexico trial court has no discretionary right to deny a divorce. *Id.* at 574, 734 P.2d at 814.

The only consideration remaining is whether the choice of New Mexico as a forum for divorce is unduly oppressive or prejudicial to Wife. By affidavit attached to the parties' stipulation of facts, Wife's New York attorney asserts that if a divorce is granted in New Mexico "Husband *may* be able to sell, alienate, encumber or otherwise effect title to his interest in the marital residence, real property owned by the parties and other marital property." This assertion is made without reference to authority and suggests a result that "may" or "may not" occur. The affidavit also states that Wife would completely lose her right to receive her statutory share of Husband's estate should he die subsequent to the entry of a New Mexico judgment of

divorce. By this argument, it appears Wife is trying to claim that certain inheritance rights she may have in marriage outweigh the statutory and legal right of Husband to obtain a divorce. We find none of the reasons proffered by Wife so compelling as to disturb Husband's choice of New Mexico as a forum for the sole purpose of dissolving the parties' marriage.

█ A trial court abuses its discretion when its decision is contrary to logic and reason. *Roselli v. Rio Communities Serv. Station, Inc.*, 109 N.M. 509, 512, 787 P.2d 428, 431 (1990). Here, our analysis of all factors requiring consideration dictates that Husband's choice of New Mexico as a forum for obtaining a divorce should not be disturbed and that the district court abused its discretion in determining otherwise. Accordingly, we reverse the Court of Appeals and remand to the district court with instructions to grant Husband's petition for divorce.

IT IS SO ORDERED.

BACA and MONTGOMERY, JJ., concur.